UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHNSON 'El,

                Plaintiff,

       -against-

CITIMORTGAGE, INC.; MORTGAGE
ELECTRONIC REGISTRATION SYSTEM INC.;
and DOES 1 through 100 INCLUSIVE,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
16-CV-1024 (RRM) (LB)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Johnson 'El, proceeding *pro se*, brings this action to quiet title on the property at 665 Jay Way, Baldwin, New York 11510 (the "Jay Way property"). (*See generally* Compl. (Doc. No. 1).) Johnson 'El asserts a litany of state, federal, and common law claims under the Truth in Lending Act ("TILA"), the Uniform Commercial Code ("UCC"), the Administrative Procedures Act, the Fair Debt Collection Practices Act, the Federal Deposit Insurance Act, the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, fraud, usury, forgery, and trespass on the case. (*Id.*) Defendants CitiMortgage ("Citi") and Mortgage Electronic Registration System Inc. ("MERS") filed an unopposed motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim. (Mot. Dismiss (Doc. No. 11).) For the reasons that follow, Johnson 'El's complaint is dismissed in its entirety.

## BACKGROUND

The following facts are taken from Johnson 'El's complaint and assumed true for purposes of this Memorandum and Order. On July 23, 2008, Andrew Koenig executed a mortgage in favor of MERS as nominee for lender Citi on the Jay Way property in the amount of

$510,000.00 (the "Mortgage"). (Compl. at ¶¶ 25-26, Ex. A.) Koenig delivered a promissory note to Citi, and the Mortgage was recorded in the Nassau County Clerk's Office on August 27, 2008. (*Id.* at ¶¶ 25, 29–30, Ex. A.) Citi subsequently filed an action to foreclose, on the Mortgage in New York State Supreme Court. (*Id.* at ¶¶ 31, 167.) By a deed dated March 15, 2015 and recorded on March 31, 2015, Johnson 'El took ownership of the Jay Way property from 50-50 Holdings, LLC. (*Id.* at ¶ 1, Ex. B.) On May 5, 2015, Johnson 'El moved to intervene in the foreclosure action. (*Id.* at Ex. E.) On March 1, 2016 Johnson 'El commenced the instant action.[1] (*See generally id.*)

Johnson 'El's sprawling and convoluted complaint ostensibly seeks to undermine the state foreclosure action. For example, Johnson 'El claims that Citi lacks standing to foreclose, (*id.* at ¶¶ 32, 49, 168, 174), that certain assignments of the mortgage are not recorded properly, (*id.* at ¶ 118), and that commencement of a foreclosure action caused him "emotional distress," (*id.* at ¶ 31). The complaint contains various other *non sequitur* arguments – for example, that Citi failed to give notice that "money" is a medium of exchange authorized by a domestic or foreign government, (*id.* at ¶ 69), that Citi did not provide a definition of the word "loan" (*Id.* ¶ 74), and citing "black letter law – maxims of law." (*Id.* at ¶ 7.) Liberally construed, the gravamen of the complaint is that Citi and MERS perpetrated a fraud against Johnson 'El to unlawfully foreclose on his property. (*See generally Id.*)

## STANDARD OF REVIEW

"A federal court has subject matter jurisdiction over a cause of action only when it 'has authority to adjudicate the cause' pressed in the complaint." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008) (quoting *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 425,

---

[1] On the same day, Johnson 'El filed two other nearly identical actions with respect to other properties. *See* 16-CV-1018; 16-CV-1022.

2

(2007), *rev'd en banc* on other grounds, 585 F.3d 559 (2d Cir. 2009)). "Determining the existence of subject matter jurisdiction is a threshold inquiry, and a claim is 'properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" *Id.* (internal citation omitted) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "When a defendant moves to dismiss both for lack of subject matter jurisdiction and on other grounds such as failure to state a claim upon which relief can be granted, the Court must address the issue of subject matter jurisdiction first." *Anctil v. Ally Fin., Inc.*, 998 F. Supp. 2d 127, 133 (S.D.N.Y. Feb. 10, 2014), *rev'd in part sub nom. Babb v. CapitalSource, Inc.*, 588 F. App'x 66 (2d Cir. 2015); *accord Rhulen Agency, Inc. v. Alabama Ins. Guar. Ass'n*, 896 F.2d 674, 678 (2d Cir. 1990).

Pursuant to Rule 12(b)(6), a party may move to dismiss a cause of action that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Where, as here, a motion to dismiss is unopposed, if the complaint is "sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000). In order to withstand a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). The Court assumes the truth of the facts alleged and draws all reasonable inferences in the nonmovant's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009).

3

When a plaintiff proceeds *pro se*, the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Notwithstanding the liberal pleading standards granted to a *pro se* plaintiff, if "the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is warranted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

## DISCUSSION

### I. Subject Matter Jurisdiction

In support of his sole cause of action to "quiet title," Johnson 'El references a number of state and common law claims, but relies exclusively on TILA to confer federal "arising under" subject matter jurisdiction. Specifically, Johnson 'El asserts that jurisdiction

> arises under U.S.C. Title 12, Sec. 1831(n)(a) and 1831(a)(a); U.S.Code Title 12: Banks and Banking PART 226—TRUTH IN LENDING (REGULATION Z); 15 USC Sec. 1692, et seq. and 5 USC Sec 556(d); Truth in Lending Act (TILA) 15 USC 1635(a) and (b) and 12 CFR 226.23(b); U.S.C. Title 28, Sec. 1367(a) supplemental jurisdiction, and violation of substantive Fourth, Fifth, and Ninth Amendment (pursuant to black letter law – maxims of law) constitutional rights/protections, and void contracts, and federal U.C.C. Article 9, and U.C.C 3-305 and Uniform Commercial Code. (UCC) 1-201(24), 3-104, 3-603, et al., and 12 USC 1813(l)(1), et al.

(Compl. at ¶ 7.) In other words, Johnson 'El argues that the Court's subject matter jurisdiction turns on his TILA claims, and he relies on supplemental jurisdiction to sustain his various state law claims.[2]

---

[2] Johnson 'El has failed to plead any facts in support of the other federal claims that might give rise to subject matter jurisdiction. *See* Section II, *infra*.

4

Johnson 'El's TILA claims are incurably deficient. "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper" when the claim "appears to be made solely for the purpose of obtaining jurisdiction," or is "wholly insubstantial," "frivolous," "implausible," or "otherwise completely devoid of merit." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998). Here, liberally construed, Johnson 'El's TILA claims are based on the allegedly fraudulent origination of the Mortgage. (*See* Compl. at ¶¶ 68–69, 82.) However, only parties to a loan contract have standing to seek damages or rescission based on TILA disclosure violations. *See* 15 U.S.C. § 1602; *Tamir v. Bank of New York Mellon*, No. 12-CV-4780 (DLI) (JO), 2013 WL 4522926, at *3 (E.D.N.Y. Aug. 27, 2013) ("[g]enerally speaking, a non-party to a contract lacks standing to challenge an agreement in the absence of terms demonstrating that it is a third-party beneficiary"). Here, Johnson 'El was not a party to the loan contract, and he does not allege otherwise. (*See* Compl. at Ex. A.)

Furthermore, even if Johnson 'El had standing to assert a claim under TILA, the statute of limitations has long since lapsed. TILA has a one-year statute of limitations for damages claims and a three-year statute of repose for rescission claims. *See* 15 U.S.C. § 1640(e); 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). As Johnson 'El's claims pertain to the origination of the mortgage on July 23, 2008, the TILA statute of limitations would have run on either July 23, 2009, or July 23, 2011. (*See* Compl. at Ex. A.)

Accordingly, Johnson 'El predicates this Court's subject matter jurisdiction on a TILA claim which is "wholly insubstantial" and "otherwise completely devoid of merit." *Steel Co.*, 523 U.S. at 101 (1998). The remaining quiet title claims are grounded in state

law, whether plead at common law or under the Real Property Actions and Proceedings Law Article 15. *See New York v. Shinnecock Indian Nation*, 686 F.3d 133, 139 (2d Cir. 2012); *Williams v. GMAC Mortgage, Inc.*, No. 13-CV-4315 (JPO), 2014 WL 2560605, at *3 (S.D.N.Y. June 6, 2014) ("A quiet title action between private parties is a state law claim."); *Herbert v. HSBC Mortgage Servs.*, No. 13-CV-0322 (NGG) (RER), 2014 WL 3756360, at *8 (E.D.N.Y. June 30, 2014), *report and recommendation adopted in part*, No. 13-CV-322, 2014 WL 3756367 (E.D.N.Y. July 30, 2014) ("[t]he function of the equitable action to quiet title is now largely replaced by the procedures under Real Property Actions and Proceedings Law Article 15") (internal quotation marks and citations omitted). Ultimately, "[t]he question is whether [Johnson 'El's] 'right . . . to recover' . . . turns on the construction of the TILA, and the answer, quite readily, is no." *Bryant v. Emigrant Mortg. Co.*, No. 10-CV-102 (RJD), 2011 U.S. Dist. LEXIS 97702 at *14–15 (E.D.N.Y. Aug. 31, 2011) (dismissing for lack of subject matter jurisdiction where TILA claims are frivolous, and remaining assertions "do not implicate TILA"). Accordingly, Johnson 'El has failed to properly allege subject matter jurisdiction.

## II. Leave to Amend

Fed. R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires." "Leave to amend should be given freely, and a pro se litigant in particular should be afforded every reasonable opportunity to demonstrate that he has a valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2013); *accord Ashmore v. Prus*, 510 Fed. Appx. 47, 49 (2d Cir. 2013) ("[d]istrict courts should generally not dismiss a pro se complaint without granting the plaintiff leave to amend"); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (*pro se* plaintiffs should be given an opportunity to amend if "a liberal reading of the complaint gives any

indication that a valid claim might be stated.") The Supreme Court has interpreted Rule 15 to mean that "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008).

Here, Johnson 'El fails to plead any facts in support of his claims under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, the Administrative Procedure Act, the Uniform Commercial Code, the Fair Debt Collection Practices Act, and the Federal Deposit Insurance Act. Properly plead, such claims would confer subject matter jurisdiction. Given his *pro se* status, and that he has not yet amended his complaint, the Court grants Johnson 'El thirty (30) days' leave to amend his complaint to comply with Rule 12(b). Should Johnson 'El seek to avail himself of this opportunity, he shall file a proposed first amended complaint, so captioned and bearing the same docket number, and shall plead sufficient facts to support any such claims. Johnson 'El also shall file a brief memorandum of law as to why such an amendment raises a proper claim and is not futile. In the event Johnson 'El seeks to amend, defendants will be given an opportunity to address whether the proposed motion meets the pleading requirements of Rule 12(b).

## CONCLUSION

For the reasons set forth above, the defendants' motion to dismiss (Doc. No. 11) is granted. Johnson 'El's TILA and various quiet title claims are dismissed with prejudice.

Johnson 'El is granted thirty (30) days from the date of this Memorandum and Order to seek leave to amend his complaint consistent with this Court's ruling.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to plaintiff Johnson 'El, *pro se*, at the address listed on the docket and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

———————————————
ROSLYNN R. MAUSKOPF
United States District Judge

Dated: Brooklyn, New York
September 1, 2017